IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| DENISA BABCOCK, | * | |
| | * | 3:20-cv-00066 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | ORDER GRANTING |
| CHAD MICHAEL BABCOCK, | * | PLAINTIFF'S MOTION FOR A |
| | * | TEMPORARY RESTRAINING |
| Defendant. | * | ORDER |
| | * | |

Before the Court is Plaintiff Denisa Babcock's Motion for Temporary Restraining Order and Scheduling of an Expedited Hearing. ECF No. 3. Plaintiff asks the Court to issue an order immediately restraining and prohibiting Defendant Chad Michael Babcock from removing their eleven-year-old child, N.J.B., from the jurisdiction of this Court pending a hearing on the merits of Plaintiff's Verified Complaint and to order Defendant to surrender N.J.B.'s passport and all other travel documents to the Clerk of Court. Plaintiff further requests the Court schedule an expedited preliminary injunction hearing on the merits of the Verified Complaint, advance and consolidate trial in the matter with the preliminary injunction hearing, and require Defendant to show cause at the hearing as to why the child should not be returned to Canada. Additionally, Plaintiff asks the Court to permit Plaintiff to appear for the hearing by telephone or video conference. Plaintiff asserts temporary injunctive relief is necessary to prevent irreparable harm to Plaintiff and to preserve the status quo.

I. BACKGROUND FACTS AND PROCEEDINGS

Plaintiff alleges Defendant has wrongfully retained N.J.B. from Canada, the child's place of habitual residence, in violation of the Convention on the Civil Aspects of International Child

Abduction (the Hague Convention), Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89 [hereinafter Hague Convention]. Plaintiff filed her Verified Complaint on August 20, 2020, for the return of the child pursuant to the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001–9011. ECF No. 1. Based on the facts alleged in the Complaint, which the Court accepts as true for the purposes of this Motion, the Court makes the following findings. Plaintiff and Defendant were married in Iowa in 1996. ECF Nos. 6-4 at 3, 6-16 at 1. They have four children: A.B., born in 1998; M.B., born in 2002; N.D.B., born in 2003; and N.J.B., born in 2008. ECF No. 6-4 at 3. N.J.B. is the only child involved in this matter. ECF No. 1 ¶ 8. The parties lived together with their children in Camanche, Iowa for most of their marriage. *See id.*

In December 2011, this Court sentenced Plaintiff to sixty-four months' imprisonment for embezzling funds from the local school district where she worked. *United States v. Babcock*, Case No. 3:10-cr-00074 (S.D. Iowa Jan. 23, 2012), ECF No. 84. Plaintiff was released from federal prison in 2016, and she was thereafter deported to Canada. Case No. 3:20-cv-00066, ECF No. 1 ¶ 9. In June 2017, the family relocated to Windsor, Ontario. *Id.* ¶ 10. Within six months, however, the parties had separated, and Defendant returned to Camanche while the children remained with their mother in Windsor. *Id.* N.J.B. attended school, received medical care, and participated in extracurricular activities in Windsor. *Id.* ¶¶ 13–15.

In February 2019, Plaintiff filed for divorce with the Ontario Superior Court of Justice and served Defendant with the petition. *Id.* ¶ 11. Plaintiff petitioned for full custody of their minor children, which the Ontario court granted on April 26, 2019. *Id.* ¶ 16; ECF No. 6-12. Rather than engaging in the Canadian divorce proceeding, Defendant filed a separate action in Clinton County, Iowa in March 2019 seeking a dissolution of their marriage. *Id.* ¶ 17. That action has been stayed pending resolution of this matter. *Id.*

In early summer 2019, the parties agreed N.J.B. would visit Defendant and his family in Iowa for a period of ten days, accompanied by the older children. *Id.* ¶ 18. During the visit, N.J.B.'s grandmother called Plaintiff to ask if the child could stay longer. *Id.* Plaintiff agreed, believing it was best for the child to spend time with Defendant and his family, but said N.J.B. needed to return to Windsor by September 1, 2019, for the start of the school year. *Id.* The parties texted each other in early July. *Id.* ¶ 19. Although the parties discussed N.J.B.'s older sibling, N.D.B., wanting to stay in Iowa for the school year, the parties did not discuss N.J.B. staying in Iowa past the summer. *Id.* On August 20, 2019, Defendant texted Plaintiff and informed her that he intended to keep N.J.B. in Iowa and enroll the child in school here. *Id.* ¶ 20. N.J.B. has remained in Iowa since the 2019 summer and has had minimal contact with Plaintiff. *Id.* ¶ 21.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 65(b)(1) allows a court to grant a temporary restraining order (TRO) without notice to the adverse party only when: (1) "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why is should not be required."  Rule 65(b)(2) provides a TRO may not extend beyond fourteen days, "unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."  If the TRO is set without notice to the adverse party, "the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character."  Fed. R. Civ. P. 65(b)(3).  "Every [TRO] issued without notice must state the date and hour it was issued;

describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record." Fed. R. Civ. P. 65(b)(2).

To be entitled to a TRO or preliminary injunction, the movant must prove by a preponderance of the evidence: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) (quoting *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." *Baker Elec. Coop., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994) (quoting *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987)). "An ex parte TRO 'is an emergency procedure and is appropriate only when the applicant is in need of immediate relief.'" *Dakota Access, LLC v. Iowa Citizens for Cmty. Improvement*, No. 4:16–cv–00482, 2016 WL 8902579, at *3 (S.D. Iowa Aug. 30, 2016) (quoting 11A Charles Alan Wright, Arthur Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2951 (3d ed. 2013)); *see also* Fed. R. Civ. P. 65(b) advisory committee's note to 1966 amendment ("In view of the possibly drastic consequences of a [TRO], the opposition should be heard, if feasible, before the order is granted.").

### III.  ANALYSIS

"The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained . . . ." 22 U.S.C. § 9001(a)(4). Its purpose is to "deter parents who are dissatisfied with current custodial arrangements from

abducting their children and seeking a more favorable custody ruling in another country." *Navani v. Shahani*, 496 F.3d 1121, 1124 (10th Cir. 2007).  Under 22 U.S.C. § 9004(a), this Court may take appropriate measures "to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition."

### A. *Threat of Irreparable Harm*

Plaintiff has alleged that Defendant has refused to return N.J.B. to Canada or allow the child to return to Canada with a sibling and has not allowed Plaintiff to speak with the child. Further, given Plaintiff's prior conviction and deportation, she is unable to enter the United States to find or retrieve the child if Defendant removes the child from this District. Additionally, Plaintiff has demonstrated that Defendant did not participate in the Canadian divorce proceedings because he did not believe "[the Canadian] court ha[d any] jurisdiction whatsoever [o]ver [the] United States," ECF No. 6-14 at 7.  Under these circumstances, the Court finds there is a substantial risk that Defendant will refuse to appear before the Court or act to prevent returning the child to Canada.  The Court finds that either of these scenarios would cause irreparable harm to both Plaintiff and the child.

### B. *Balancing the Weight of the Injuries*

Defendant and N.J.B. currently reside in this District.  There will be little to no injury to Defendant or the child if a temporary order is issued that requires them to remain in this District and surrender the child's passports.  However, if Defendant flees the District with the child, the harm to Plaintiff would be substantial; thus, any injury to Defendant by entry of this Order is outweighed by the potential harm to Plaintiff.

5

*C. Likelihood of Success on the Merits*

To obtain the relief sought in her Complaint, Plaintiff must prove by a preponderance of the evidence that (1) N.J.B. was a habitual resident of Canada at the time the child was wrongfully retained by Defendant; (2) the child was wrongfully retained in violation of Plaintiff's custody rights under Canadian law; and (3) Plaintiff was exercising her custody rights over the child at the time the child was wrongfully retained.  22 U.S.C. § 9003(e)(1)(A).

After considering the evidence presented by Plaintiff and for purposes of this Order, the Court finds the following by a preponderance of the evidence.  Plaintiff has shown the child was a habitual resident of Canada at the time of the child's wrongful retention.  Defendant's retention of the child was in violation of Plaintiff's custody rights pursuant to Ontario's Children's Law Reform Act, R.S.O. 1990, c. C.12 (Can.); the Family Law Act, R.S.O. 1990, c. F.3 (Can.); and the final order of the Ontario Superior Court of Justice granting custody of the children to Plaintiff, ECF No. 6-12.  And Plaintiff was exercising her custody rights over the child when the child was wrongfully retained.  Thus, the Court concludes Plaintiff has demonstrated an adequate showing of likelihood of success on the merits of her petition for the return of the child.

*D. Public Interest*

The Court finds the public interest is best served by entering the temporary restraining order to maintain the status quo until the parties can be heard in more complete arguments.

*E. Notice*

Based on Plaintiff's allegations and the record before the Court, the Court finds that relief without notice to Defendant is necessary to avoid immediate and irreparable injury, loss, or damage.  *See* Fed. R. Civ. P. 65(b)(1).  Additionally, Plaintiff has satisfied Rule 65(b)(1)(B), because she has represented to the Court in writing that there is a risk Defendant may flee the

District with the child if notice is provided. Plaintiff would suffer greater harm if this eventuality occurred, because she cannot enter the United States to find and retrieve the child. After considering the evidence in the record, the Court finds there is sufficient evidence to show that Plaintiff is entitled to a TRO.

Plaintiff's ex parte motion under the Hague Convention for entry of a temporary restraining order is GRANTED.

Therefore, consistent with the objects of the Hague Convention and ICARA for the expedited consideration of this matter, it is HEREBY ORDERED that DEFENDANT CHAD MICHAEL BABCOCK, his agents, servants, employees, attorneys, or persons acting in active concert or participation with him who receive notice of this Order are TEMPORARILY ENJOINED, as follows:

1. from removing or causing to be removed the minor child, N.J.B., born in 2008, from the jurisdiction of this Court pending final disposition of the Verified Complaint and further Order of this Court;

2. to surrender the minor child's passport and all other travel documents to the Clerk of Court at the United States District Courthouse, 131 East 4th Street in Davenport, Iowa, not later than 4:30 p.m. on the third business day after service of this Temporary Restraining Order.

   a. The Clerk of Court shall retain possession of the minor child's passport and travel documents pending final disposition of the Verified Complaint and further Order of this Court;

      b. The Clerk of Court shall permit Plaintiff's counsel to access, review, and photocopy the child's passport upon surrender to the Clerk of Court by Defendant;

*If Defendant fails to timely surrender the minor child's passport and all other travel documents, or removes the minor child or causes the minor child to be removed from the jurisdiction of this Court, the Court shall issue a warrant for the arrest of Defendant to be executed by the United States Marshals Service and shall order Defendant to appear for a contempt hearing.*

    3. Notwithstanding the provisions of Rule 65(c), the Court finds this Temporary Restraining Order shall issue immediately, without bond or security, in light of the nature of the conduct temporarily enjoined, Plaintiff's in forma pauperis status, and the fact that Defendant will not suffer any costs or damages in the event the Court determines that Defendant was wrongfully restrained.

    4. This Temporary Restraining Order shall remain in full force and effect for fourteen days from the date of this Order, unless before that time, the Court, for good cause, extends it for a like period or Defendant consents to a longer extension.

    5. The officers of the Court shall issue and serve this Temporary Restraining Order with the Verified Complaint.

IT IS FURTHER ORDERED,

1. Pursuant to Rule 65(a)(2), the trial of this action on the merits shall be advanced and consolidated with the preliminary injunction hearing scheduled in paragraph (2), below.

2. A consolidated trial on the merits and hearing on Plaintiff's request for a preliminary injunction and the Verified Complaint is scheduled for Tuesday, September 29, 2020, at

10:00 a.m., at the United States District Courthouse, 131 East 4th Street in Davenport, Iowa.  At the consolidated trial and hearing, Defendant shall show cause why the child should not be returned to Canada, accompanied by Plaintiff's designee, and why the other relief requested in the Verified Complaint should not be granted.

3.  Defendant, any counsel appearing for Defendant, and counsel for Plaintiff shall personally appear at the consolidated trial and hearing.  In light of the ongoing threat of the COVID-19 global pandemic, the parties may consent to a trial and hearing by video conference.  In that event, Defendant, counsel for Defendant, and counsel for Plaintiff are permitted to appear by video conference.  Counsel for the parties are responsible for coordinating arrangements for the appearances by video conference with Michael Messina, Judicial Assistant, at 515-284-6254 or michael_messina@iasd.uscourts.gov.

4.  Defendant shall provide for and ensure the personal appearance at the consolidated trial and hearing of the minor child N.J.B.  Due to the current global pandemic, the parties may consent to a trial and hearing by video conference.  In that event, the minor child may appear by video conference.  Counsel for the parties are responsible for coordinating arrangements for the appearances by video conference with Michael Messina, Judicial Assistant, at 515-284-6254 or michael_messina@iasd.uscourts.gov.

5.  Plaintiff Denisa Babcock is permitted to appear at the consolidated trial and hearing and any other court proceedings by video conference.  Counsel for the parties are responsible for coordinating arrangements for the appearances by video conference with Michael Messina, Judicial Assistant, at 515-284-6254 or michael_messina@iasd.uscourts.gov.

6. If Defendant seeks a hearing on any of the matters ordered herein, the Court will grant Defendant's request and promptly hold a hearing.

IT IS SO ORDERED.

Dated this 24th day of August, 2020.

*Robert W. Pratt*
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT

Time: 3:55 p.m.